**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **JOHN ELIAS SCOTT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROVO CITY, UTAH COUNTY, PROVO 4th DISTRICT COURT, CLAUDIA LAYCOCK, and THOMAS PATTON,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:15-cv-00661**<br><br>**United States District Court Judge Dee Benson**<br><br>**Magistrate Judge Dustin Pead** |

## I.    INTRODUCTION[1]

Pursuant to 28 U.S.C. § 1915 (the IFP Statute), Plaintiff John Elias Scott (Scott) was granted leave to proceed *in forma pauperis* in case number 2:15-cv-661-DB (ECF No. 2) and 2:15-cv-662-DB (ECF No. 2.) Thereafter, on September 15, 2015, Scott filed his complaint in case 2:15-cv-661 naming Fourth District Court Judge Claudia Laycock, Provo City, Utah County and Provo Fourth District Court as Defendants (ECF No. 3.) Several days later, on September 24, 2015, Scott filed his complaint in case 2:15-cv-662 naming Fourth District Court Commissioner Thomas Patton, Provo City, Utah County and Provo Fourth District Court as Defendants (ECF No. 3.) Based on the same or similar parties, claims, and legal issues presented in both cases, this court consolidated  Scott's claims into case number 2:15-cv-661 (ECF No. 12.); *see* 2:15-cv-662 (ECF No. 11); DICivR 42-1.[2]

---

[1]The District Court referred this case to Magistrate Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 5.)

[2] As previously determined by this court, consolidation of Scott's cases into the above entitled action is appropriate because the two actions arise from the same or similar transactions

Currently pending before this court, is Defendant Provo Fourth District Court (Fourth District Court), Judge Claudia Laycock (Judge Laycock)  and Commissioner Thomas Patton's (Commissioner Patton) (collectively, Defendants) Motion To Dismiss (ECF No. 18), and Scott's Motion To Re-Establish Parent-Time And Remain Uninterrupted With His Children (ECF No. 22.)[3] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and concludes that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## II.   RELEVANT STANDARDS OF REVIEW

### Dismissal Under 28 U.S.C. § 1915

When a party is permitted to proceed under the IFP Statute without paying fees, the court may "dismiss the case at any time if the court determines that. . . the action. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the

---

or events, involve the same or closely related parties and seek a determination of substantially the same questions of law. Given these similarities, a failure to consolidate could lead to disparate judgments on the same or similar issues of law (2:15-cv-661, ECF No. 12; 2:15-cv-662, ECF No. 11.)

For purposes of this Recommendation, the court refers to Scott's complaints as one matter consolidated into the above entitled action. However, where necessary and for purposes of specificity, the court delineates between Scott's complaint filed in case 2:15-cv-661 (Laycock Compl.) and in Scott's complaint filed in case 2:15-cv-662 (Patton Compl.).

[3]Scott names Provo City and Utah County as additional Defendants. Scott's pleadings, however, contain no allegations against either entity and the pleading requirements of Federal Rules of Civil Procedure 8 require dismissal of any claims. Fed. R. Civ. P. 8; s*ee infra*  p. 7.

same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); *see* Fed. R. Civ. P. 12(b)(6).

### Motion To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), all well plead factual allegations are accepted as true and viewed in a light most favorable to the non-moving party. *Gadd v. South Jordan City,* 2016 U.S. Dist. LEXIS 35089 *6 (*citing David v. City & Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996). In order to withstand dismissal, a plaintiff must plead both a viable legal theory and provide "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A plaintiff's reliance upon "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not suffice'" to survive dismissal. *Id.*

In general, "[d]etermining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 St. Ct. 1937, 173 L.Ed. 2d 868 (2009).

### Judicial Notice Of Matters Outside The Pleadings

A court is required to convert a motion to dismiss to a motion for summary judgment if it considers matters outside the scope of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").  A court is not, however, required to convert a motion based upon the court's consideration of public records

for which it takes judicial notice. *See Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006)

("facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting

the motion to dismiss into a motion for summary judgment."); *see also United States v. Ahidley,*

486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (taking notice of another court's publicly filed records

"concerning matters that bear directly upon the disposition of the case at hand"); *Van*

*Woudenberg ex. Rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other*

*grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001) (court may "take judicial

notice of its own files and records, as well as [other] facts which are a matter of public record.");

*St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t

has been held that federal courts, in appropriate circumstances, may take notice of proceedings in

other courts, both within and without the federal judicial system if those proceedings have a

direct relation to matters at issue.") Public records may be "considered to show their contents, not

to prove the truth of matters asserted therein." *Tal* at 1264 n. 24 (*citing Oxford Asset Mgmt., Ltd*

*v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

### Review Of A Pro Se Litigant's Pleading

As a pro se litigant, the court liberally construes Scott's pleadings and other papers.

*Garett v. Selby Connor Maddux & Janer,* 425 F.3d 836. 840 (10th Cir. 2005); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). That said, pro se litigants are still required to "follow the

same rules of procedure that govern other litigants[ ]" and it is not the role of the court to

construct legal theories on a pro se litigant's behalf. *Id.* Further, the court "will not supply

additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that

have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

4

### III.    BACKGROUND

The following facts are taken from Scott's complaints or are matters of public record of which the court takes judicial notice. The court accepts as true the facts set forth and views them in a light most favorable to Scott. *Parks v. Watts,* 2016 U.S. App. LEXIS 3444, *4 (10th Cir. Feb. 24, 2016).

Scott is a father who has been involved in an ongoing custody dispute as part of his divorce proceedings in the Fourth District Court since April of 2006. Judge Laycock is employed as a state court judge in the Fourth District Court and presided over Scott's divorce proceedings (Laycock Compl. ¶25; *Scott v. Scott,* case no. 06440836, Ex. A, p. 10.) Commissioner Patton is employed as a domestic commissioner in the Fourth District Court and also performed judicial actions in Scott's divorce case (Patton Compl, ¶7; *Scott v. Scott* case no. 064400836, Exhibit A, p. 9.) The Fourth District Court is a governmental entity established pursuant to the Utah State Constitution and Utah State Statute. Utah Cons. Art. VIII, § 5; Utah Code Ann. 1953 § 78A-5-101.

Over the course of his divorce proceedings, Scott became increasingly dissatisfied with Judge Laycock and Commissioner Patton's rulings. Throughout, Scott maintained that he was treated unfairly and his ex-wife was inadequately punished for her wrongdoings. Based upon his dissatisfaction, Scott filed several complaints with the state Judicial Conduct Commission requesting Judge Laycock and Commissioner Patton be removed from any involvement in his case. These requests were denied (Laycock Compl. ¶26, Patton Compl. ¶¶25, 64-65.) In addition, Scott filed numerous petitions with the Utah Court of Appeals seeking to overturn Fourth District Court rulings (*see Scott v. Provo City*, pet. for extraordinary writ docket no. 20150758 (Utah Ct.

App. filed Sept. 11, 2015); *Scott v. Provo City*, pet. for extraordinary writ docket no. 20150761

(Utah Ct. App. filed Sept. 14, 2015); *Scott v. Pena*, docket nos. 20150812, 20150813 (Utah Ct.

App. filed Oct. 2, 2015); *Scott v. Pena*, docket no. 20150862 (Utah Ct. App. filed Oct. 14, 2015.)

   In September 2015, Scott filed two separate federal court cases that were consolidated

into this action.[4] Scott's sixty-plus page complaints allege violations of his constitutional rights

under both the United States and Utah State Constitutions, as well as violations of Utah state

statutes and common law (*see* Laycock Compl. ECF No. 3; *see* Patton Compl. ECF No. 3.)

Specifically, Scott alleges causes of action for violations of the civil rights act § 1866 and § 1964,

42 U.S.C. § 1981, § 1983, and § 1985, 18 U.S.C. § 241, § 242, intentional infliction of emotional

distress, negligent infliction of emotional distress, malicious prosecution, contempt of court,

misconduct, contempt of court, loss of consortium, and unjust enrichment. As a remedy, Scott

seeks one hundred fifty (150) million dollars in damages, five hundred (500) thousand dollars in

costs, and injunctive and declaratory relief (Laycock Compl. ECF No. 3, ¶202.)[5]

   On November 25, 2015, Defendants filed a motion to dismiss Scott's consolidated civil

complaints pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 28 U.S.C.

§ 1915(e)(2) (ECF No. 18.) As grounds for dismissal, Defendants assert that Scott's claims are

barred by Eleventh Amendment immunity, principles of judicial and quasi-judicial immunity, the

*Younger* abstention doctrine and the Federal Courts Improvement Act (ECF No. 18.)

---

[4]*Supra,* p.1.

[5] In the Patton Complaint, Scott seeks ten (10) million dollars in damages, five hundred
(500) thousand dollars in costs and injunctive and declaratory relief (Patton Compl. ECF No. 3,
¶202.)

IV.     **MOTION TO DISMISS**

Defendants move to dismiss Scott's civil rights complaint pursuant to Federal Rule of

Civil Procedure 12(b)(1), 12(b)(6) and 28 U.S.C. § 1915(e)(2).

For the reasons set forth herein, this court recommends that the District Court grant

Defendants' motion and dismiss Scott's claims.

**Scott's Complaints Fails To Comply With Rule 8 Of The Federal Rules of Civil**
**Procedure.**

As an initial matter, Scott's complaints fail to comply with the requirements of Rule 8

of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Under Rule 8, a pleading must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (complaint "should state the basis for the court's

jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief.").

Further, to state a viable claim, the "complaint must explain what each defendant did to him or

her; when the defendant did it; how the defendant's action harmed him or her; and, what specific

legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  Absent these basic elements, Defendants lack

sufficient information to prepare a defense and the court lacks the specificity necessary for

adjudication. *Id.*

A complaint is further susceptible to dismissal under Rule 8 when it is "'so verbose,

confused and redundant that its true substance, if any, is well disguised.'" *Mitchell v. City of*

*Colo. Springs, Colo.,* 194 Fed. Appx. 497, 498 (10th Cir. 2006) (dismissing complaint for being

"verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of

facts. . . completely lacking in clarity and intelligibility.").

Here, Scott's sixty page complaints set forth over two hundred "facts" the majority of which lack any discernable relevance to his stated causes of action. In addition, the pleadings fail to provide a short and plain statement of Scott's claims showing his entitlement to relief. Nothwithstanding these violations, the court considers the merits of Scott's complaints and the Defendants' motion to dismiss.

### Scott's Claims Against The Fourth District Court Are Barred Under Eleventh Amendment Immunity.

Defendants assert that as a political subdivision of the State of Utah, the Fourth District Court is protected from Scott's claims under Eleventh Amendment Immunity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (barring suit against State of Alabama and the Alabama State Board of Corrections under the Eleventh Amendment). Mr. Scott's opposition fails to address Defendant's Eleventh Amendment immunity argument.[6]

The Eleventh Amendment to the United States Constitution states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

---

[6]Instead, Scott's opposition seeks immediate "remedy and just relief" due to his alleged failure to receive a paper copy of Defendants' motion to dismiss. Scott contends he only became aware of Defendants' motion after he saw it "attached on [the] Pacer account" (ECF No. 19. pg. 1.) In response, Defendants provide the Declaration of Mandi Bartlett and supply documentation to show the motion was sent to Scott via certified mail on November 30, 2016 (ECF No. 20-1).

Regardless of whether Scott actually received a hard copy of Defendants' motion, the court finds the issue moot since Scott admits he saw Defendants' motion and filed an opposition thereto which has been fully considered by this court (ECF No. 19.)

U.S. Const. Amend XI. Absent a state's express waiver of immunity, the Eleventh Amendment

bars federal suit against a state or state officials acting in their official capacity. *Edelman v.*

*Jordan,* 415 U.S. 651, 663 (1974); *see generally Hafer v. Melo*, 502 U.S. 21, 25 (1991)*; Quern v.*

*Jordan,* 440 U.S. 332, 345 (1979); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The State of

Utah has not waived immunity and therefore claims against the State of Utah and its agencies

should be dismissed. *See* Utah Code Ann. § 63G-7-501(1) (recognizing that Utah state courts

have "exclusive, original jurisdiction" over all actions brought against the State); *Wallace v.*

*Grey,* 2009 U.S, Dist. LEXIS 7011, *8-9 (D. Utah Feb. 2, 2009); *Sutton v. Utah State Sch. For*

*Deaf & Blind,* 173 F.3d 1226, 1232 (10th Cir. 1999) (predecessor to § 63G-7-501(1) preserves

Eleventh Amendment immunity).

　　　　Any attempt by Scott to assert that the Fourth District Court waived Eleventh

Amendment immunity is rejected (ECF No. 3, ¶9; ECF No. X, ¶10.) Waiver cannot be implied

and must be unequivocally expressed through a clear declaration. *Sossamon v. Texas*, 563 U.S.

277, 284 (2011) ("States, in accepting federal funding, do not consent to waive their sovereign

immunity to private suits for money damages under RLUIPA [Religious Land Use and

Institutionalized Persons Act] because no statute expressly and unequivocally includes such a

waiver"). Scott fails to cite any statutory or constitutional language evidencing the Fourth District

Court's intent to waive Eleventh Amendment immunity or confirming that an alleged acceptance

of federal funding was conditioned on waiver of immunity. *See generally, Arbogast v. Kansas,*

*Dept. Of Labor,* 789 F.3d 1174, 1182 (10th Cir. 2015).

　　　　Accordingly, as a political subdivision of the state, the court recommends that Scott's

claims against the Fourth District Court be dismissed under Eleventh Amendment immunity.

**<u>Scott's Claims Against Judicial Officers Judge Laycock And Commissioner
Patton Are Barred By Judicial And Quasi-Judicial Immunity.</u>**

Judge Laycock and Commissioner Patton argue Scott's claims should be dismissed under
principles of judicial and quasi-judicial immunity.

Scott fails to address Judge Laycock and Commissioner Patton's immunity arguments,
instead providing twelve pages of quotations from various federal court rulings with arguable
relevance to any issue in this case (ECF No. 19, pg. 6; "[t]his court should be aware that there is
a general rule that a ministerial officer who acts wrongfully, as in this case, even if done in good
faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign.
Cooper v O'Conner, 99 F.2d 133") (*Id.* "[a]ny Judge who does not comply with his oath to the
Constitution of the United States was against the Constitution and engages in acts in violation of
the Supreme Law of the Land.  The judge is engaged in acts of treason. Cooper v. Aaron, 358
U.S. 1, 78 S. Ct. 1401; 1958").

The Supreme Court has stated that "[l]ike other forms of official immunity, judicial
immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v.
Waco*, 502 U.S. 9, 11-12 (1991) (*citing Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). This
official immunity applies under both federal and state law. *Black v. Clegg,* 938 P.2d 293, 296
(Utah 1997). There are, however, two exceptions. First, "a judge is not immune from liability for
nonjudicial actions, *i.e.* actions not taken in the judge's judicial capacity." *Mireles v. Waco,* 502
U.S. 9 at 11. Second, "a judge is not immune for actions, though judicial in nature, [that are]
taken in the complete absence of all jurisdiction. *Id.*

These exceptions to judicial immunity do not apply to Judge Laycock. Scott does not

allege or provide support for a claim that Judge Laycock's actions were non-judicial or outside the scope of her jurisdiction. A judge should "be at liberty to exercise their functions with independence" and as a result judicial immunity may not overcome merely by allegations of bad faith, malice or corruption. *Pierson v. Ray,* 386 U.S. 547, 554 (1967); *see also Mireles* 502 U.S. 9 at 11. Thus, while the court acknowledges Scott's frustration with his state court divorce and custody proceedings, such dissatisfaction does not alter the conclusion that Judge Laycock's rulings are judicial functions issued under her jurisdiction as a Fourth District Court judge.

In turn, Commissioner Patton is also entitled to immunity under the doctrine of quasi-judicial immunity. The absolute immunity available to judges has been extended, under the rubric of quasi-judicial immunity, to other officials who perform functions closely associated with the judicial process. *Dahl v. Dahl,* 774 F.3d 623, 630 (10th Cir. 2014); *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) ("[I]mmunity which derives from [j]udicial [i]mmunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved"). Here, quasi-judicial immunity extends to Commissioner Patton's actions in this case. In fact, the Tenth Circuit has expressly held that court commissioners are considered judicial officers who are entitled to quasi-judicial immunity. *Fuller v. Davis,* 594 F. App'x 935, 939 (10th Cir. 2014) (unpublished) (holding Commissioner Patton is entitled to quasi-judicial immunity). Commissioners engage in quasi-judicial functions and, "[a]s adjuncts to the appointing court, they hold pretrial conferences, conduct hearings, [and] make recommendations to the court." *Id.*

Here, Scott does not allege that Commissioner Patton's actions were non-judicial or took him outside of his quasi-judicial role.  Accordingly, the court concludes that quasi-judicial

11

immunity applies to Commissioner Patton.

**Scott's Claims For Injunctive Relief Are Barred Under The Younger Abstention Doctrine.**

Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. *Younger v. Harris,* 401 U.S. 37 (1971). In *Younger*, the Supreme Court concluded that a federal court may not enjoin an ongoing state criminal court proceeding. *Id.* The doctrine has expanded to include application in both administrative and civil actions. *Amanatullah v. Colo. Bd. Of Med. Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997).

"Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief— such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings— when such relief could adequately be sought before the state court." *Reinhardt  v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)*. Younger* abstention is not discretionary and federal courts must abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah,* 187 F.3d at 1163 (10th Cir. 1999) (internal citation omitted).

Here, all of the *Younger* abstention factors are present. First, the state court proceedings are ongoing. As indicated by Scott's pleadings, his divorce proceedings are continuing and

subject to modification and appeal.[7] Second, there is nothing to indicate that the state proceedings fail to provide an adequate forum for Scott's claims and a party must "exhaust its appellate remedies before seeking relief in the [U.S.] District Court." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975). Further, Scott's grievances filed with conduct commission and attempts to have Judge Laycock and Commissioner Patton removed from his divorce case do not provide sufficient grounds to invoke federal jurisdiction. *See Dodson v. Colo.,* 2012 U.S. Dist. LEXIS 70913 *3 (D. Colo. May 22, 2012). Finally, there are significant state interests involved in Fourth District Court proceedings involving family law and the State of Utah has a compelling interest in regulating issues of marriage, divorce and child custody. *See e.g., United States v. Winson,* \_\_\_, U.S. \_\_\_, 133 S. Ct. 2675, 2691 (2013) ("[R]egulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the states.").

Finding all *Younger* factors to be present, this court must abstain from exercising jurisdiction over Scott's ongoing Utah state court family law action.  Instead, Scott should raise his claims in the Fourth District Court and appeal any decisions that he believes to be erroneous to the state appellate courts.

---

[7]Scott had not appealed prior to filing his federal court actions. Since filing his federal complaints, Scott has filed an appeal of his divorce proceedings in state court, *Scott v. Pena,* case no. 20150813, Utah Court of Appeals, notice of appeal filed October 2, 2015. His repeated petitions to the Utah Court of Appeals further demonstrate the adequacy of the state forum. *See Scott v. Provo City,* pet. for extraordinary writ docket no. 20150758 (Utah Ct. App. Filed Sept 11, 2015); *Scott v. Provo City,* pet. for extraordinary writ docket no. 2015761 (tha Ct. App. Filed Sept. 14, 2015); *Scott v. Pena,* docket nos. 20150812, 20150813 (Utah Ct. App. Filed Oct 2, 2015); *Scott v. Pena,* docket no. 20150862 (tah Ct. App. Filed oct. 14, 2015) (ECF No. 18, p. 18-19.)

**Scott's Claims For Injunctive Relief Are Barred Under The Federal Court Improvement Act.**

In the alternative if *Younger* abstention doctrine does not apply, Scott's claims for injunctive relief are also barred under the Federal Courts Improvement Act ("FCIA"). Unless a declaratory decree is violated, the FCIA precludes 42 U.S.C. § 1983 claims for injunctive relief against judges acting in their judicial capacity. *Section 309(c) of Federal Court Improvement Act of 1996*, Pub. L. No. 104-317 110 Stat. 3847 (1996), *codified at* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an acts or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")

Scott does not allege any actions taken by Judge Laycock or Commissioner Patton were in violation of a declaratory decree and there are no facts to support a claim that Judge Laycock or Commissioner Patton acted outside the scope of their authority. "The mere fact that a litigant disagrees with a judge's decision does not provide a basis for § 1083 liability." *Babbit v. Kouris*, 2015 WL 5825098, 2:15-cv-208 BCW (D. Utah Oct. 5, 2015) (unpublished).

Accordingly, Scott's claims for injunctive relief against Judge Laycock and Commission Patton are barred under the FCIA and must be dismissed.

**Scott's Request For Declaratory Relief Is Dismissed.**

Finally, Scott seeks a declaration that Defendants acted "in violation of the Supreme Law of the Land, namely the United States Constitution." (Laycock Compl. ECF No. 3, ¶14, ¶202; Patton Compl. ECF No. 3 ¶14, ¶202.)

As discussed, pursuant to the *Younger* abstention doctrine and reasons set forth herein,

14

Scott's request for declaratory relief is denied. *See Weitzel v. Div. Of occupational & Prof. Licensing,* 240 F.3d 871, 875 (10th Cir. 2001); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 719 (1996) (recognizing that the court has "required federal courts to decline to exercise jurisdiction over certain classes of declaratory judgments").

## V.     RECOMMENDATION

Accordingly, the court hereby RECOMMENDS that:

Defendants' Motion To Dismiss be GRANTED (ECF No. 18)**;** and

Scott's Motion To Re-Establish Parent Time be DENIED as moot (ECF No. 22.)

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file an objection to this Report and Recommendation within fourteen (14) days of being served.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of June, 2016.

_____

Dustin Pead
U.S. Federal Magistrate Judge